**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SURENDER SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1771-R** |
| | ) | |
| **CHRIS GANTT[1] et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Surender Singh, a noncitizen proceeding with counsel,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge David L. Russell referred the matter to the undersigned magistrate judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondents filed a Response. (ECF No. 10). Petitioner did not file a Reply, and the time to do so has lapsed. (ECF No. 6). The matter is at issue.

For the reasons set forth below, the undersigned recommends the Court **GRANT IN PART** Petitioner's request for habeas relief and order Respondents to provide Petitioner with an individualized custody hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner.

---

[1] The Government did not file a response on behalf of Warden Chris Gantt, who is not a federal official. (ECF No. 10:1 n.1).

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. BACKGROUND

Petitioner is a native and citizen of India. (ECF No. 1-4:1). On or about December 18, 2021, he entered the United States without inspection at or near San Luis, Arizona where he was apprehended by border patrol agents. *Id.* On December 27, 2021, the Department of Homeland Security (DHS) released Petitioner on an Order of Release on Recognizance issued "[i]n accordance with section 236 of the Immigration and Nationality Act [(INA)]."[3] (ECF No. 1-1:4). That same day, DHS served Petitioner with a Notice to Appear (NTA), placed him in standard removal proceedings under 8 U.S.C. § 1229a, and charged him with being inadmissible under § 212(a)(6)(A)(i) of the INA.[4] (ECF No. 1-4:2). DHS did not designate Petitioner as an "arriving alien." *Id.*

Petitioner later was re-detained by ICE after state or local police stopped him for speeding.[5] (ECF No. 1:2-3). On January 8, 2026, an Immigration Judge (IJ) concluded she lacked jurisdiction to redetermine Petitioner's custody, relying in part on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF No. 1-2:2-3).

---

[3] This section is codified at 8 U.S.C. § 1226, which authorizes the release of a noncitizen arrested and detained pending removal proceedings on bond or "conditional parole." *Id.* § 1226(a)(2).

[4] This section is codified at 8 U.S.C. § 1182(a)(6)(A)(i), which provides that a noncitizen "present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." *Id.* § 1182(a)(6)(A)(i).

[5] The Petition alleges ICE re-arrested Petitioner in June 2026. (ECF No. 1:2). But the IJ's custody order is dated January 8, 2026, and the IJ's March 4, 2026 decision identifies Petitioner as detained. (ECF No. 1-2:2; ECF No. 1-3:2). The precise date of re-detention does not affect the analysis below, but the undersigned construes the June date to be a scrivener's error.

On March 4, 2026, the IJ granted Petitioner's application for asylum. (ECF No. 1-3:9). DHS appealed, and the appeal is pending before the Board of Immigration Appeals (BIA).[6] Petitioner remains detained at the Cimarron Correctional Facility in Cushing, Oklahoma.[7]

## II. PETITIONER'S CLAIMS

Petitioner asserts three claims for relief: (1) a violation of substantive due process; (2) a violation of procedural due process based on his re-detention without notice or a pre-deprivation hearing; and (3) unlawful detention in violation of the INA. (ECF No. 1:23-26).

Petitioner seeks his immediate release. (ECF No. 1:26-27). He also asks the Court to declare his arrest and detention unlawful, to bar his detention under § 1226(a) absent a custody hearing at which the Government bears the burden of proof by clear and convincing evidence, and to bar his re-arrest while his removal proceedings remain pending absent a material change in circumstances. *Id.* at 27. Finally, he requests an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA).[8] *Id.*

---

[6] *See* EOIR Automated Case Information System, acis.eoir.justice.gov/en/caseInformation (last visited Oct. 19, 2026). The parties completed briefing before the BIA in July 2026. *Id.*

[7] *See* ICE Detainee Locator, locator.ice.gov/odls/#/results (last visited Oct. 19, 2026).

[8] To the extent that Petitioner may be entitled to EAJA fees and costs as a prevailing party, Petitioner must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this time.

## III. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. DISCUSSION

### A. Section 1226(a) Governs Petitioner's Detention

Petitioner contends his detention is governed by § 1226(a), not § 1225(b). (ECF No. 1:26). Respondents previously treated Petitioner as subject to mandatory detention under § 1225(b). (ECF No. 1:3; ECF No. 1-2:2-3). They now concede that this matter is controlled by *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (ECF No. 10:1).[9]

Sections 1225 and 1226 authorize detention in different domains. Section 1225 applies primarily to aliens "seeking admission" to the United States, while § 1226 "generally governs the process of arresting and detaining" noncitizens "pending a decision on whether the alien is to be removed from the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Section 1225 generally applies at the border and § 1226 in the interior. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1237 ("We hold that noncitizens who

---

[9] Respondents maintain that the Fifth and Eighth Circuits correctly construed § 1225(b)(2)(A) and do not waive appellate review. (ECF No. 10:1 & n.2) (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). This Court is bound by *Santillan Quiroz*.

entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."); *id.* at 1240 ("§ 1225(b)(2)(A)'s application is limited to the border.").

Petitioner was not "seeking admission" at the border when ICE re-detained him. DHS released him into the interior under § 1226 in December 2021, charged him as present without admission rather than as an arriving alien, and re-detained him years later after a traffic stop. (ECF No. 1:2-3; ECF No. 1-1:4; ECF No. 1-4:2).[10] So he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 (W.D. Okla. July 14, 2026).

This Court has consistently held that noncitizens released into the interior and later re-detained by ICE are detained under § 1226(a). *See Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (concluding that detention of a noncitizen who resided in the interior for years before ICE detained him "is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)"); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *1-2 (W.D. Okla. July 1, 2026) (rejecting the "theory that Petitioner retains his status as an 'arriving' noncitizen subject to mandatory

---

[10] In declining to redetermine custody, the IJ found that Petitioner was "apprehended on arrival" and thus not a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). (ECF No. 1-2:2). That finding does not bear on whether Petitioner was "seeking admission" when ICE re-detained him in the interior years later. Respondents do not argue that Petitioner is subject to detention under § 1225(b)(1) or § 1226(c). (*See* ECF No. 10).

detention under § 1225(b)(1) irrespective of the fact that Petitioner was released and allowed to live in the country for several years”). Section 1226(a) therefore controls Petitioner’s detention and entitles him to a bond hearing. *Ramos Perez*, 2026 WL 2033144, at *2 (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13).

**B. A Bond Hearing is the Appropriate Remedy**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy.

“Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings.” *Zhakhonov*, 2026 WL 1865418, at *3. Here, Petitioner has been detained since at least January 2026, and the IJ declined to conduct a custody redetermination on the premise that § 1225(b)(2)(A) applies. (ECF No. 1-2:2-3). *See Zhakhonov*, 2026 WL 1865418, at *3 (“[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee’s liberty interest is protected.”). Because this is “the very process Congress prescribed for detainees held pursuant to § 1226(a),” the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a “protected liberty interest arising from her release on her own recognizance” and that the level of process owed was “for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226”).

The Court should thus grant the Petition, in part, and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)"); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025). The Court should decline Petitioner's request for immediate release,[11] his request to require the Government to bear the burden of justifying his continued detention,[12] and his remaining requests for ancillary relief.[13]

---

[11] Petitioner argues that a bond hearing before an IJ is an inadequate remedy because IJs are allegedly pressured to deny bond and bond hearings are rushed and unfair. (ECF No. 1:2, 19-22). These generalized allegations do not concern any hearing Petitioner has received under § 1226(a), and the Tenth Circuit ordered a bond hearing, not release, in *Santillan Quiroz*. 180 F.4th at 1251 n.13; *see also Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)."). Should the hearing ordered here prove deficient, Petitioner may appeal the custody determination to the BIA, *see* 8 C.F.R. § 236.1(d)(3), and/or seek appropriate habeas relief.

[12] Petitioner asks the Court to require the Government to prove by clear and convincing evidence that he is a flight risk or a danger to the community. (ECF No. 1:25, 27). This Court has repeatedly declined to order burden shifting at this stage. *See Zhang v. U.S. Dist. Ct.*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) (declining "to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time"); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (same). The undersigned does not recommend it here.

[13] Petitioner's requests for a declaration that his arrest and detention are unlawful and for an order barring his re-arrest while his removal proceedings remain pending absent a material change in circumstances, (ECF No. 1:27), do not require any action given the recommended disposition.

### C. The Court Should Decline to Address Petitioner's Remaining Claims

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez*, 2026 WL 2033144, at *2 n.2 (declining to address the petitioner's remaining claims after ordering a bond hearing).

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT IN PART** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned further recommends that the Court order Respondents to certify compliance by filing a status report within ten business days of the Court's order, and to promptly provide a copy of the Court's order to the Warden of the Cimarron Correctional Facility.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **October 26, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on October 19, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE