**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SURENDER SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1771-R** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Challenging his detention by Immigration and Customs Enforcement, Petitioner, Mr. Surender Singh, seeks release from detention or a prompt bond hearing from this Court through a writ of habeas corpus under 28 U.S.C. § 2241. [Doc. No. 1]. The Court referred Mr. Singh's petition to United States Magistrate Judge Shon T. Erwin, who recommended that the Court grant in part the Petition and order a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 13]. Both parties objected [Doc. Nos. 14, 15], so the Court will review de novo those portions of the Report to which they specifically object. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Respondents object solely for the purpose of preserving their right to appeal. Doc. No. 14 at 1 n.2. They object to Judge Erwin's conclusion that Mr. Singh is detained under § 1226, but acknowledge that *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) compels that outcome. The Court agrees with Judge Erwin's finding that Mr. Singh's detention is pursuant to § 1226(a). The Court further agrees that the proper remedy is an individualized bond hearing under § 1226(a). *See id.* at 1251 n.13 ("Because Santillan

Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

Mr. Singh makes three objections. The first two concern the remedy that Judge Erwin recommended: A bond hearing. Mr. Singh says the proper remedy is release from custody because (1) Respondents violated their own regulations concerning the revocation of his parole, and (2) his alleged due process violation, combined with the core function of habeas relief, requires release.

First, Mr. Singh says Respondents violated 8 C.F.R. § 236.1(c)(9), which allows an "officer in charge" to revoke a noncitizen's prior grant of release into the United States. But other than claiming that his arrest was unlawful, and citing (for the first time in his objection to the R&R) § 236.1(c)(9) while claiming that Respondents' response "d[id] not reflect compliance with" it, Mr. Singh does not explain why his arrest was unlawful. Doc. No. 15 at 3. *See Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (noting that "[t]he burden of proof [is] upon the petitioner [who filed a petition under 28 U.S.C. § 2241] to sustain these allegations"). The Court overrules Mr. Singh's first objection.

In any event, Mr. Singh next argues that immediate release is more appropriate because he alleges a due process violation. But even if the Court were to reach the Constitutional question, if Mr. Singh is detained under § 1226(a), the process he's due is a prompt bond hearing since § 1226(a) authorizes detention. *Lira-Jarquin v. Noem*, No. 26-CV-00588-STV, 2026 WL 864190, at *5 (D. Colo. Mar. 30, 2026) ("Where courts rule that a petitioner's detention is governed by Section 1226, they find that the petitioner's

immediate release is not an appropriate remedy given that Section 1226 authorizes detention."). Since Mr. Singh was originally, and remains now, detained pursuant to § 1226(a), a fact Mr. Singh does not contest,[1] a bond hearing is the appropriate remedy. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[R]elease need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."); *Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023) (concluding that a petitioner's then-19-month detention warranted a bond hearing to comport with due process). Because a bond hearing is the appropriate remedy regardless of whether Mr. Singh's detention violates due process, the Court agrees with Judge Erwin and declines to reach the Constitutional question.

Finally, Mr. Singh takes aim at the quality of his impending bond hearing, presuming that he'll be denied bond since "there is mounting evidence that bond hearings in Immigration Court have preordained outcomes." Doc. No. 15 at 4 (citation modified). But the Court lacks jurisdiction to review an Immigration Judge's decision at a bond hearing, 8 U.S.C. § 1226(e), and surely can't presume ahead of time that the IJ will not adequately consider Mr. Singh's arguments in favor of bond. *Rodriguez v. Olson*, No. 26-3277-JWL, 2026 WL 2484289, at *2 (D. Kan. Aug. 25, 2026) ("Although the immigration court has previously refused to consider petitioner's request for release on bond, that court is now

---

[1] Mr. Singh contests whether his detention is lawful, based on the Constitution's Due Process Clause, but he doesn't contest that § 1226(a) applied to his previous grant of conditional parole.

ordered to do so, and respondents are ordered to make sure that a merits-based hearing takes place.”),

Accordingly, the Court ADOPTS Judge Erwin’s Report and Recommendation, GRANTS in PART the Petition [Doc. No. 1] and ORDERS Respondents to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release him if he has not received such a hearing within that period. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 2nd day of November, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE